Matthew T. Sheffield, Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave., Suite 303
Englewood Cliffs, NJ 07632
Tel: 201-460-0059
Fax: 201-608-7116
MS@lupoloverlaw.com

Attorney for Plaintiff,
Louis Pacheco

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOUIS PACHECO, ON BEHALF OF HIMSELF AND ALL THOSE SIMILARLY SITUATED<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>　　　　Defendant. | Case No.:<br><br>**CLASS COMPLAINT**<br><br>**AND**<br><br>**JURY TRIAL REQUEST** |

　　Plaintiffs, Louis Pacheco ("Pacheco"), on behalf of himself (hereinafter as "Plaintiff"), by and through his undersigned attorney, allege against the Defendant, Convergent Outsourcing, Inc. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1.　This is an action for damages arising from Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

**JURSIDICTION AND VENUE**

2.　This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff, Louis Pacheco, is a natural person, who at all relevant times has resided in the city of North Bergen, Hudson County, state of New Jersey. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. §1692a (3).

5. Defendant, Convergent Outsourcing, Inc., is a corporation doing business in the State of New Jersey, with its corporate address at 800 SW 39th Street, Renton, WA 98057. Defendant, is a "debt collector" as defined by 15 U.S.C § 1692a(6), as it regularly collects on various personal debts ranging inclusive of but not limited to debts stemming from various providers.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, is in violation of the FDCPA, and who reside in the State of New Jersey as of one year from the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, hundreds, possibly thousands, of persons have received debt collection notices/letters/communications from Defendants, which violate various provisions of the FDCPA.

7. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

8.     The Class is so numerous that joinder of all members is impracticable.  On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate various provisions of the FDCPA.

9.     The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

10.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

11.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

13.    The members of the class have claims which are unlikely to be vindicated in the absence of a class action.

14. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

17. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

18. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL STATEMENT

19. At all times relevant to this litigation, Defendant has engaged in a course of collection activity aimed at the collection of a debt allegedly due and owing from Plaintiff. The debt upon which Defendant sought collection originated with PSE&G, a supplier of energy ("Subject Debt").

20. The Subject Debt accrued for Plaintiff's own personal and or household use and is a debt as that term is defined by 15 U.S.C. § 1692a(5). Plaintiff disputes the validity of the Subject Debt.

21. By way of written communication dated December 1, 2017, Defendant sought to collect on the Subject Debt ("Collection Letter"). The Collection Letter was received and read by Plaintiff on or about December 4, 2017. A true and accurate copy of the Collection Letter is attached hereto marked "Exhibit A."

22. The Collection Letter reads in pertinent part as follows:

> "The law limits how long you can be sued on a debt. Because of the age of your debt, our client cannot sue you for it **and this debt cannot be reported to any credit reporting agency**. Convergent Outsourcing cannot sue you on this debt." Emphasis added.

23. Plaintiff obtained and reviewed a copy of his credit report shortly before receiving the collection letter. The credit report revealed that Defendant had in fact maintained a trade line on Plaintiff's credit report, thus making the statement that the debt was too old to be reported to any credit reporting agency patently false. The trade line as constituted appeared as follows:

```
B  B  CONVERGENT            10/22/17  08/13/15    $325      $325    $325    -  -  -  COLLECTION
       84985824                        05/--/11    COLL                                TU/EF
       PLACED FOR COLLECTION; ORIGINAL CREDITOR: 10 PSE G
```

24. According to the Fair Credit Reporting Act, generally, items may remain on a consumers credit report for (7) years from the date of last activity ("DLA"). The DLA listed on the Convergent trade line was May of 2011. This means that any trade line regarding the Subject Debt could remain on Plaintiff's credit report until April of 2018.

25. Defendant's false representation lulled Plaintiff into a false sense of security regarding the Subject Debt, a debt upon which he disputes that he owes in the first place.

# COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692e(2)(A) & 15 U.S.C. § 1692e(10)

26. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 26 above and incorporates them as if set forth specifically herein.

27. Defendant sent Plaintiff the Collection Letter, dated December 1, 2017. Plaintiff received and read the Collection Letter on or about December 4, 2017.

28. The Collection Letter advised, *inter alia*, that the Subject Debt was too old to be reported to any of the credit reporting agencies. The preceding statement is false. The DLA listed on the Convergent trade line was May of 2011, meaning the Subject Debt could be reported to any credit reporting agency until April of 2018.

29. Upon reading the Collection Letter, Defendant was lulled into a false sense of security believing the Subject Debt could no longer be reported to a credit reporting agency.

30. Not only was Defendant's statement false, but they were actively reporting the Subject Debt on Plaintiff's credit report at the time.

31. At all times relevant to this litigation, Plaintiff disputes the validity of the Subject Debt.

32. By virtue of Defendant's statement in the Collection Letter they have violated 15 U.S.C. § 1692e(2)(A) insomuch as they have mischaracterized the legal status and nature of the Subject Debt.

33. By virtue of Defendant's statement in the Collection Letter they have violated 15 U.S.C. § 1692e(10) insomuch as they have utilized misleading and false representations in furtherance of the collection of the Subject Debt.

## JURY TRIAL DEMAND

34. Plaintiff demands a jury trial on all issues so triable.

## **RELIEF**

WHEREFORE, Plaintiff, Louis Pacheco, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

A. That an order be entered certifying the class as described above, pursuant to Fed. R. Civ. Pro. 23(b)(3).

B. That an order be entered declaring the Defendant actions, as described above, in violation of the FDCPA;

C. That judgment be entered against the Defendant, and for all class members, for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

D. That judgment be entered against the Defendant and for all class members, for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

F. That the Court enjoin Defendants from further misrepresenting the effects of a consumer's failure to dispute the debt within the applicable (30) day period under 15 U.S.C. §1692g, *et seq*.

G. That the Court grant such other and further relief as may be just and proper.

*Rest of Page Left Intentionally Blank;*
*Signature Page to Follow*

## **CERTIFICATION**

Matthew T. Sheffield hereby certifies that the matter in controversy is the not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding,

Date: February 22, 2018                                  RESPECTFULLY SUBMITTED

By: s/Matthew Sheffield            /
Matthew Sheffield, Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave., Suite 303
Englewood Cliffs, NJ 07632
Tel: 201-461-0059
Fax: 201-608-7116
Email: ms@lupoloverlaw.com

Attorney for Plaintiff
Louis Pacheco